■ In the Matter of BURTON BLATT, Respondent, v JOSEPH WASSER, as Sheriff of Sullivan County, Appellant.—Mikoll, J. Appeal from a judgment of the Supreme Court (Williams, J.),

entered September 6, 1990 in Sullivan County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent terminating petitioner's employment as a Deputy Sheriff.

Petitioner, a Deputy Sheriff, was found guilty of pointing an unloaded service revolver at a fellow officer's stomach, leaving his assigned post unattended, violating a written directive not to leave one's post, and inappropriate behavior and judgment. The last two charges were based on the preceding two violations. The Hearing Officer took into account petitioner's admission of culpability, his prior unblemished service, his age and recent treatment for a life-threatening illness, and recommended that the maximum allowable penalty, short of dismissal, be imposed. Respondent, however, modified the recommended penalty and ordered petitioner's dismissal. Petitioner then commenced this proceeding claiming that the penalty was disproportionate to the offenses charged. Supreme Court agreed and concluded that the recommendation of the Hearing Officer be reinstated. We agree and accordingly affirm the court's judgment. Petitioner's transgressions, serious though they were and full of potential for harm, were not of such magnitude as to warrant his dismissal. In the misuse of gun charge, it quickly became apparent that the gun was empty and that petitioner's actions were ill-advised horseplay. As to the charges relating to petitioner's leaving his post, while they also created a potentially dangerous circumstance, there were no negative ramifications. He returned to his post after securing a cup of coffee. Nothing had transpired in the interim.

In amelioration of the misconduct, we have considered petitioner's prior clean record, the fact that the misdeeds did not involve moral turpitude or grave injury to the agency involved or the public, and that he worked for a full month after these events without further mishap. We have also considered his obvious remorse and comprehension of the possible consequences of his folly, his age, the state of his health and the improbability of his finding work. These factors, taken together, justify amelioration of the penalty (see, Matter of Pell v Board of Educ., 34 NY2d 222).

Judgment affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.